FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Nov 06, 2026
SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALONZO MAURICE CURRY,<br><br>Defendant. | No. 2:25-CR-00142-MKD<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT<br><br>**ECF No. 63** |

Before the Court is Defendant's Motion to Dismiss the Indictment. ECF No. 63. Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 1 at 1-2. Defendant argues this charge was made in violation of Executive Order 14206, "Protecting Second Amendment Rights," 90 Fed. Reg. 9503, 2025 WL 459474 (Feb. 7, 2025). ECF No. 63 at 2. The Executive Order directs the Attorney General, in part, to review "positions taken by the United States in any and all ongoing and potential litigation that affects or could affect the ability of Americans to exercise their Second Amendment rights." Exec. Order 14206 at § 2(b)(v).

Generally, the President may not use an executive order to contravene federal statutory law. *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 587, 637-38 (1952) (Jackson, J., concurring); *City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1234-35 (9th Cir. 2018). And Defendant's argument is foreclosed by Ninth Circuit precedent. *See United States v. Duarte*, 137 F.4th 743, 761-62 (9th Cir. 2025) (en banc) (holding § 922(g)(1) is a constitutional limitation on the Second Amendment).

Accordingly, Defendant's Motion to Dismiss is denied.

**IT IS ORDERED:**

**1.** Defendant's Motion to Dismiss, **ECF No. 63,** is **DENIED.**

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to counsel.

DATED November 6, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE