FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 10, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ALONZO MAURICE CURRY,

Defendant.

No. 2:25-CR-00142-MKD

ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

**ECF No. 67**

Before the Court is Defendant's Motion to Dismiss the Indictment. ECF No. 67. Defendant argues dismissal is warranted pursuant to 18 U.S.C. § 3162(a)(1) due to the government's alleged failure to file the indictment within 30 days of his arrest as required by 18 U.S.C. 3161(b). ECF No. 67 at 1-2.

Defendant was arrested on August 23, 2024, by local authorities. *Id.* at 2-3. Over a year later, on September 17, 2025, Defendant was federally indicted for allegedly violating 18 U.S.C. § 922(g). ECF No. 1. An arrest warrant was issued. ECF No. 4. Defendant was arrested on the federal charge in the Northern District of Ohio on January 7, 2026. ECF No. 8. He had his initial appearance in the Northern District of Ohio, was detained pending a detention hearing in the Eastern

District of Washington, and then was transported to the Eastern District of Washington by the United States Marshals Service. ECF No. 7. He was arraigned in the Eastern District of Washington on February 23, 2026. ECF No. 13.

The § 3161(b) 30-day time limit only begins when a defendant is arrested by federal authorities. *United States v. Johnson*, 953 F.2d 1167, 1172 (9th Cir. 1992) (holding arrest by state authorities did not trigger Speedy Trial Act time limit). Moreover, "a complaint must be issued at the time of arrest in order to trigger the [§ 3161(b)] 30-day limitation." *United States v. Boyd*, 214 F.3d 1052, 1056 (9th Cir. 2000). And "[t]he plain wording of § 3162(a)(1) provides a remedy only to an individual against whom a *complaint* has been filed." *Id.*

Here, Defendant's August 2024 arrest was carried out by local officials and Defendant was not federally charged until September 2025 and arrested in January 2026—after his federal indictment. ECF No. 67 at 1-2; ECF No. 8. Furthermore, no federal complaint was ever filed against Defendant. Accordingly, sections 3161(b) and 3162(a)(1) do not apply and the Court denies Defendant's Motion to Dismiss.

Next, Defendant asserts violations of Washington State Superior Court Criminal Rule 3.2.1(f)(1) and Washington State Criminal Rules for Courts of Limited Jurisdiction Rule 3.2.1 (f)(1). ECF No. 67 at 2-3. These rules govern procedures for preliminary hearings following warrantless arrests in Washington

state courts. Washington State Court rules do not apply to federal prosecutions. Accordingly, his motion is denied.

**IT IS ORDERED:**

**1.** Defendant's Motion to Dismiss, **ECF No. 67,** is **DENIED.**

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to counsel.

DATED November 10, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE