FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 19, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALONZO MAURICE CURRY,<br><br>Defendant. | No. 2:25-CR-00142-MKD<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS THE INDICTMENT<br><br>**ECF Nos. 69, 70** |

Before the Court are Defendant's filings, ECF Nos. 69, 70. Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. 922(g). ECF No. 1. Defendant seeks dismissal of that charge for a third time. Although Defendant styled his filings "Defense Petition of First Amendment Redress of Grevience Memorandum [sic]" and "Defense Petition for Judicial Notice of First Amendment Redress of Grevience [sic]," the Court treats these filings as motions to dismiss the indictment.

Defendant makes a series of challenges to the basis of the charges against him. The main arguments can be summarized as follows: (1) 18 U.S.C. 922(g) is not enacted as positive law, (2) there is no Commerce Clause nexus, and (3) the

predicate conviction is invalid. ECF No. 70 at 9-17. For the reasons described below, the Court finds these arguments frivolous and without merit.

**LEGAL STANDARDS**

"A motion or similar filing is frivolous if it is 'both baseless and made without reasonable and competent inquiry,' or 'groundless … with little prospect of success.'" *Teton v. United States*, 2026 WL 308818 (D. Idaho Feb. 4, 2026) (quoting *Chevron U.S.A., Inc. v. M&M Petroleum Servs., Inc.*, 658 F.3d 948, 952 (9th Cir. 2011)).

**DISCUSSION**

Defendant argues Title 18 of the United States Code has not been enacted into "positive law," and, therefore, the charge against him is materially deficient. ECF No. 69 at 4; *see* ECF No. 70 at 13, 14. This argument is frivolous as a matter of law. Title 18 of the United States Code was enacted into positive law in 1948. *U. S. Civ. Serv. Comm'n v. Nat'l Ass'n of Letter Carriers*, 413 U.S. 548, 550 n.1 (1973). Even if Title 18 had not been enacted into positive law, it would still be enforceable. *Daniels v. United States*, 2011 WL 768704, at *3 (D. Haw. Feb. 23, 2011)("Whether or not a statute has been enacted into 'positive law' has only evidentiary significance, and has no effect on the underlying validity of the enactment.") (citing *Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985)). The Court thus finds Defendant's argument relating to the validity of § 922(g) entirely

frivolous and without merit. Defendant's separate arguments which rest upon this premise—including that no constitutional notice was given, and that this Court lacks subject matter jurisdiction—also necessarily fail. ECF No. 70 at 14, 16.

Defendant next appears to argue § 922(g) is unconstitutional due to the lack of a nexus between the firearm and interstate commerce. ECF No. 69 at 8; ECF No. 70 at 15. To the extent Defendant argues § 922(g) is facially unconstitutional, that argument is foreclosed by Ninth Circuit precedent. *United States v. Davis*, 242 F.3d 1162, 1163 (9th Cir. 2001) (Congress "lawfully exercised its authority in enacting § 922(g)(1)). To the extent Defendant argues § 922(g) is unconstitutional as applied, the Court finds this is an issue for trial. *United States v. Nukida*, 8 F.3d 665, 669-70 (9th Cir. 1993) (holding pre-trial motion challenging government's ability to prove interstate commerce nexus was a "premature challenge to the sufficiency of the evidence.").

Finally, Defendant argues the predicate felony conviction is void because it was obtained via a plea agreement. ECF No. 69 at 11-12. Defendant asserts that plea agreements are analyzed using the principles of contract interpretation, but fails to explain why, based on those principles, the plea agreement is void. *Id.* This Court has no authority to invalidate a plea agreement entered by Defendant in another jurisdiction.

Because all of Defendant's arguments contained in his filings are baseless and unsupported by the law, the Court denies them.

**IT IS ORDERED:**

**1.** Defendant's Motions to Dismiss, **ECF Nos. 69, 70,** are **DENIED.**

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to counsel.

DATED November 19, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE